UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In re:

    Renette L. Procopio,             Filed & Entered            Chapter 7 Case
         Debtor.                     On Docket                 # 09-11149
                                  December 14, 2009

**ORDER**
**GRANTING TRUSTEE'S MOTION TO RECONSIDER,**
**VACATING ORDER GRANTING FEE WAIVER APPLICATION, AND**
**DIRECTING IMMEDIATE PAYMENT OF THE FILING FEE**

The Debtor filed her chapter 7 case on September 29, 2009 (doc. # 1). That same day, she filed an application to waive the chapter 7 filing fee (doc. # 4). Based upon the information in the Debtor's schedules and application, the Court entered an Order granting the motion on October 5, 2009 (doc. # 6).

On November 4, 2009, the meeting of creditors was held pursuant to 11 U.S.C. § 341. On November 30, 2009, the chapter 7 trustee who was assigned to this case and presided over that meeting (the "Trustee"), filed a motion (doc. # 12) asking the Court to reconsider the Order granting the fee waiver. The Trustee's motion asserted that the Debtor testified under oath at the §341 meeting that she had obtained a gift from her daughter prior to the filing of her bankruptcy case sufficient to pay her attorney's fee of $1,500 plus the filing fee of $299, and that sum was being held "as a gift" by Debtor's counsel as of the date the application for a fee waiver was filed (id. at ¶ 5). Neither the Debtor's schedules nor the application disclosed the Debtor's access to this "gift" made for the purpose of paying the filing fee. The Trustee's position is that under the totality of the circumstances, the Debtor in this case was able to pay the filing fee in installments on the date she filed her application for a waiver. The hearing on the Trustee's motion to reconsider was set for December 15, 2009.

On December 2, 2009, the Debtor filed a response to the Trustee's motion to reconsider which acknowledged all of the Trustee's critical assertions, including the gift from the Debtor's daughter in a sum sufficient to pay the filing fee in full, and disclosed that the Debtor had returned that portion of the gift to her daughter when the Court entered the Order granting the fee waiver (doc. # 15). The Debtor's response seems to focus on four facts: the proper test for a fee waiver in this case was whether the Debtor could afford to pay the filing fee; the Debtor never had sufficient funds to be able to pay the filing fee; the only source of funds she had was the gift from her daughter; and the Debtor had no obligation to disclose the funds in her schedules since they were not her funds, but her daughter's (and she did disclose them when asked a direct question by the Trustee). Id.

AFTER DUE CONSIDERATION of these documents and the entire record in this case, and taking into account that the Debtor is disabled and therefore to require her to appear at a hearing might be a significant hardship, the Court cancels the hearing set for December 15, 2009 and enters this Order adjudicating the merits of the Trustee's motion to reconsider and the Debtor's fee waiver application.

First, the Court finds that the Trustee has set forth adequate new facts that were not available to the Court in time for it to consider them when it ruled on the Debtor's fee waiver application to warrant reconsideration under Bankruptcy Rule 9024 and Fed R Civ Proc 60(b)(2).

In reconsidering the Debtor's fee waiver application under the full set of facts now available, the Court begins with the statute that governs eligibility for fee waivers, 28 U.S.C. § 1930. It provides, in pertinent part, as follows:

> The bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1) (2009). In this case, there is no question that the Debtor satisfies the first prong of the test: her income is less than 150% of the applicable income official poverty line. However, the Court finds that the Debtor fails to satisfy the second prong of the test. Based upon the availability of the gift from her daughter, on the date of the bankruptcy filing the Debtor was able to pay the filing fee in installments. In fact, it appears she could have paid it in full on that day and did not even need the relief of an Order allowing the fee to be paid in installments. The Court finds that the $299 gift from the Debtor's daughter was available to her for payment of the filing fee on the date the Debtor filed her fee waiver application. The Court rejects as wholly unpersuasive the Debtor's argument that the Debtor was not able to pay the filing fee in installments at the time she filed this chapter 7 case and sought a fee waiver.

Therefore, IT IS HEREBY ORDERED that the Trustee's motion to reconsider is granted and, upon reconsideration, the Court vacates the Order granting the Debtor's motion for a fee waiver (doc. # 6).

IT IS FURTHER ORDERED, based upon the findings of fact and conclusions of law set forth above, that the Debtor's motion for a fee waiver is denied and the Debtor is hereby directed to pay the chapter 7 filing fee in full **by December 21, 2009**.

SO ORDERED.

December 14, 2009  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge